NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA MARIA RODRIGUEZ-CORTEZ, | No. 21-70734 |
| Petitioner, | Agency No. A206-165-686 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023[**]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Rosa Maria Rodriguez-Cortez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

We do not disturb the agency's determination that Rodriguez-Cortez failed to establish she suffered harm that rises to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's conclusion that Rodriguez-Cortez failed to establish a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Because Rodriguez-Cortez failed to establish eligibility for asylum, she failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, Rodriguez-Cortez's asylum and withholding of removal claims fail.

In light of this disposition, we need not reach Rodriguez-Cortez's remaining contentions regarding nexus and her proposed particular social groups. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are

21-70734

not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Rodriguez-Cortez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**